# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, <br><br> *Defendants-Appellees.* | No. 25-3030 |
| In re DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, <br><br> *Petitioners-Defendants.* | No. 25-3034 |

## CIRCUIT RULE 27-3 CERTIFICATE

The undersigned counsel certifies that the following is the information required by Circuit Rule 27-3:

**(1) Attorneys' contact information**

<u>Lead Counsel for Plaintiffs-Appellees/Respondents-Real Parties in Interest:</u>
Stacey M. Leyton (sleyton@altber.com)
Barbara J. Chisholm (bchisholm@altber.com)
Danielle Leonard (dleonard@altber.com)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (egoldstein@democracyforward.org)
Skye Perryman (sperryman@democracyforward.org)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

<u>Lead Counsel for Defendants-Appellants/Petitioners-Defendants:</u>
Courtney L. Dixon (courtney.dixon@usdoj.gov)
Maxwell A. Baldi (maxwell.baldi@usdoj.gov)
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 532-0211

**(2) Existence and nature of the emergency**

The district court entered a sweeping order preventing twenty-one federal agencies from implementing an Executive Order issued by the President of the United States.

On February 11, 2025, the President of the United States issued an executive order entitled "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative." Exec. Order No. 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025). The Executive Order directed federal agencies to make preparations to reduce the scope of their workforces and to submit related plans.

On May 9, 2025, the district court entered an order "enjoin[ing]" twenty agencies, as well as "any other individuals acting under their authority . . . of the President"

2

from "taking any actions to implement or enforce" the Executive Order or a related interagency guidance document. Add.406.[1] Among other specific restrictions, the district court forbade the agencies from issuing or executing any reductions in force and from placing any employees on administrative leave. *Id.* The court's order inflicts irreparable harm on the government by requiring agencies from carrying out the President's policy priority of reducing the size of the federal workforce. Multiple RIFs were set to be noticed within the next month, and the court's order halting those plans requires agencies to retain and pay employees they would otherwise let go.

Additionally, the district court ordered the government to produce a series of sensitive deliberative documents to plaintiffs and the district court by May 13. Add.406. The district court issued that order without conducting any of the analysis required to determine whether the deliberative process privilege could be overcome. The parties have agreed to pause the production deadline, but the district court has not yet acted, so as of now, the government must publicly produce these records by May 13, 2025. Production would be an irreversible step that "would seriously undermine agency operations" across the entire Executive Branch. Add.421.

**(3) Notice to opposing parties**

Prior to filing this motion, the government contacted lead counsel for plaintiffs and informed them of the government's intent to seek a stay pending appeal and

---

[1] Citations to "Add." are to the addendum accompanying the government's stay motion.

3

administrative stay. Plaintiffs are opposed to the relief sought in this motion. Upon filing this motion, the government will provide a service copy to plaintiffs' counsel via email.

### (4) Relief sought in district court

The government sought a stay pending appeal. Add.339, 361-62. *See* Fed. R. App. P. 8(a)(1)(A). The district court expressly refused to consider that motion. *See* Add.408 ("The Court will not consider defendants' request for a stay of execution of the temporary restraining order, as doing so would render the exercise pointless.").

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI

4